Grafton
No. 6512

KATHERINE HODGDON

v.

WILLIAM E. GALLAGHER

April 30, 1973

*Edes & Elliott* for the plaintiff filed no brief.

*New Hampshire Legal Assistance, George C. Bruno* and *C. Murray Sawyer,* by brief for the defendant.

GRIMES, J. The only issue involved in this case is whether an indigent defendant in a civil case is entitled to have the county pay the cost of a transcript of the trial which he claims is necessary for him to appeal the verdict against him. We hold that he is not so entitled.

After a trial by the court in an action for personal injuries arising out of an accident involving a pedestrian and an automobile operated by the defendant, an $8,000 verdict was rendered against the defendant. The defendant moved that the court order a transcript of the proceedings for use in his appeal be paid for by the county because he was without funds. The question of law raised by defendant's exception to the denial of this motion was transferred by *Perkins, J.*

In his brief, the defendant represents that the transcript will cost about $200.00. He filed an affidavit stating that his only asset is a parcel of land assessed at $900 and that he was unemployed and without income.

This being a civil case in which the State is not involved as prosecutor, the rationale of *Griffin v. Illinois,* 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956), and related cases does not apply. Nor does *Boddie v. Connecticut,* 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971), which excused an indigent from paying a filing fee in a divorce case, aid the defendant since one's interest in a civil tort action does not rise to the same constitutional level as one's inability to dissolve a marriage except through the courts. *United States v. Kras,* 409 U.S. 434, 34 L. Ed. 2d 626, 93 S. Ct. 631 (1973); *Ortwein v. Schwab,* 410 U.S. 656, 35 L. Ed. 2d 572, 93 S. Ct. 1172 (1973).

In view of our holding, we have not considered whether the county would be a necessary party if our ruling were otherwise.

*Exception overruled.*

All concurred.