Ronald R. AUDET, Sr. and Marion W. Audet v. Davis KOIER, A. Peter Barranco, Jr. and State of Vermont

[595 A.2d 279]

No. 90-230

June 10, 1991. Appellant, plaintiff in a negligence action, has appealed from an adverse jury verdict in forma pauperis and seeks a transcript at the expense of the state. The trial court directed the preparation of a partial transcript at state expense, and the matter is here for approval of this Court as required by V.R.A.P. 10(b). The authority for a state-paid transcript on appeal is contained in V.R.A.P. 24(d): "If an appellant is proceeding in forma pauperis on appeal, all or part of the transcript may be prepared at the expense of the state when required by law." The Reporter's Notes to the rule indicate that the requirement to supply the transcript would normally be based on the Fourteenth Amendment to the United States Constitution. Reporter's Notes to 1982 Amendments to V.R.A.P. 24. Appellant asks us to read this rule, and the companion provisions of V.R.A.P. 10(b)(1), as creating an entitlement to a transcript for litigants who are here in forma pauperis or, at a minimum, authority for the court to require the state to pay for the transcript in any such case.

The rule was clearly drafted to implement entitlements to state-funded transcripts created outside the rules. It does not itself create an entitlement to a transcript. See *Amos v. Department of Health & Rehab. Services*, 416 So. 2d 841, 842 (Fla. Dist. Ct. App. 1982). As appellant concedes, no statute creates a right to a transcript here. Neither the Federal nor the Vermont Constitution create an entitlement. See *Almarez v. Carpenter*, 347 F. Supp. 597, 603 (D. Colo. 1972) (Federal Constitution); *Almarez v. Carpenter*, 173 Colo. 284, 289–93, 477 P.2d 792, 795–97 (1970) (Federal and Colorado Constitution); *Hodgdon v. Gallagher*, 113 N.H. 185, 186, 304 A.2d 375, 376 (1973) (Federal Constitution). Thus, we are without authority to require the state to pay for a transcript in this case.

The trial court was in error in ordering a transcript at state expense. The request for approval of that order is denied, and the matter is remanded to the Lamoille Superior Court for consideration of alternatives under V.R.A.P. 10(c) to allow the appeal to proceed.