603 A.2d 381 (1992)
In re L.G.
No. 91-488.
Supreme Court of Vermont.
January 7, 1992.
*382 Before ALLEN, C.J., and GIBSON, DOOLEY, MORSE and JOHNSON, JJ.

ENTRY ORDER
Appellant, appealing an order of involuntary hospitalization, seeks to proceed in forma pauperis and to have the transcripts of lower court proceedings prepared at state expense.
Because appellant receives Supplemental Security Income of $472 per month and does not receive income from any other source, she may proceed in forma pauperis. V.R.C.P. 3.1(b). An appellant proceeding in forma pauperis is entitled to all or part of a transcript at state expense "when required by law." V.R.A.P. 24(d). The relevant legal requirements are the equal protection and due process clauses of the fourteenth amendment to the United States Constitution. Reporter's Notes to V.R.A.P. 24.
Ordinarily, civil litigants are not entitled by law to a transcript on appeal. Audet v. Koier, 157 Vt. ___, 595 A.2d 279 (1991). In this case, however, a recognized liberty interest is at stake: freedom from restraint is protected by Chapter I, Article 1 of the Vermont Constitution. Appellant has been involuntarily committed to the state hospital. Such confinement is "`a massive curtailment of liberty,'" In re W.H., 144 Vt. 595, 597, 481 A.2d 22, 24 (1984) (quoting Humphrey v. Cady, 405 U.S. 504, 509, 92 S.Ct. 1048, 1052, 31 L.Ed.2d 394 (1972)), and procedures that lead to it must comply with due process. Id. at 598, 481 A.2d at 25.
To determine whether due process requires that appellant be provided with a transcript at state expense, the Court must weigh several factors: appellant's interest affected by the litigation, the risk of harm to this interest posed by an erroneous decision, the value of providing procedural safeguards in protecting against error, and the cost to the state in providing them. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); see In re G.K., 147 Vt. 174, 179, 514 A.2d 1031, 1034 (1986) (Mathews provides appropriate test for procedural due process).
Here, appellant's interest is in freedom from confinement, a right of constitutional dimension; this right will be totally eviscerated if appellant is wrongly held. See W.H., 144 Vt. at 598, 481 A.2d at 25 (even limited involuntary stay at state hospital is "significant intrusion upon . . . personal liberty"). The state permits appellate review of commitment proceedings, and consequently equal protection requires that indigents involuntarily committed have equal access to the review process. Cf. Griffin v. Illinois, 351 U.S. 12, 18-19, 76 S.Ct. 585, 590-91, 100 L.Ed. 891 (1956) (if state provides right of appellate review to criminal defendants, due process and equal protection require that state provides equal access to review for indigent defendants).
Because cost is a relevant factor, the state need not automatically provide a transcript to every indigent litigant in danger of being involuntarily confined. Id. at 20, 76 S.Ct. at 591. Rather, it must provide some "means of affording adequate and effective appellate review to [indigents]." Id.; see Draper v. Washington, 372 U.S. 487, 499, 83 S.Ct. 774, 780, 9 L.Ed.2d 899 (1963) (indigents must receive a "`record of sufficient completeness' to permit proper consideration of their claims").
In this case, appellant fired her attorney immediately before the commencement of her commitment hearing. The attorney requested appointment of alternative counsel, but the court refused. The attorney was ordered to leave the hearing, and appellant appeared pro se. Appellant was found to be suffering from manic psychosis and was committed to the state hospital. *383 She later filed a motion for a new trial, alleging that her waiver of counsel was not knowingly, intelligently, and voluntarily made. The court denied the motion without a written opinion, stating that "[t]he transcript speaks for itself."
No effective review can be made without transcripts of the trial and motion hearing. Appellee agrees that these are the relevant hearings for the appeal. No alternative record exists; the transcripts are the sole record of "sufficient completeness" to provide for adequate review.
Appellant may proceed in forma pauperis on appeal. Transcripts of the July 19, 1991 commitment hearing and the August 30, 1991 motion for a new trial shall be prepared at state expense.