PATRIOT GENERAL INSURANCE COMPANY *v.*
RAYMOND P. NORMANDIE III
(14830)

Dupont, C. J., and Schaller and Spallone, Js.

Argued February 16—officially released April 16, 1996

*Mark A. Dubois,* for the appellant (defendant).

*Francis D. Paola, Jr.,* with whom, on the brief, was *Timothy G. Zych,* for the appellee (plaintiff).

PER CURIAM. The plaintiff sought a declaratory judgment to determine whether it had a right to reimbursement for the payment of the cost of medical treatment for the defendant, following an automobile accident involving the defendant, under a basic reparations provision of an insurance policy issued by it. The issue to be resolved is whether the right of subrogation afforded by General Statutes (Rev. to 1993) § 38a-369 exists after the passage of Public Acts 1993, No. 93-297, which repealed § 38a-369.

Practice Book § 390 (d) provides that the trial court will not enter a declaratory judgment "unless all persons

having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Without compliance with § 390 (d), the trial court lacks jurisdiction over the matter. *Serrani* v. *Board of Ethics*, 225 Conn. 305, 308, 622 A.2d 1009 (1993). There was no order of notice in this case.

Any interpretation of the legislation involved in this case will apply to all insurance carriers and injured persons who are situated similarly to the plaintiff and the defendant. An order of notice is required; see *Connecticut Ins. Guaranty Assn.* v. *Raymark Corp.*, 215 Conn. 224, 229, 575 A.2d 693 (1990); and we remand this case for further proceedings. *Mannweiler* v. *LaFlamme*, 232 Conn. 27, 36, 653 A.2d 168 (1995).

The judgment is reversed and the case is remanded for further proceedings.