[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO DISMISS
On March 27, 1996 the Plaintiff filed a Motion to Dismiss the Defendant's Counterclaim. The Motion was based on two grounds: 1) The Defendant has failed to exhaust its administrative remedies, pursuant to CONN. GEN. STAT. Secs. 4-175 and 4-176, and 2) Pursuant to Section 390(d) of the Connecticut Practice Book, the Court lacks jurisdiction over the Counterclaim.
The Court will address the second reason which will be dispositive of the entire Motion to Dismiss. The Plaintiff is claiming relief in this lawsuit on the basis of the Defendant's discrimination due to his failure to rent an apartment to her because of, inter alia, her lawful source of income. The Defendant's Counterclaim dated June 26, 1995 seeks to test the validity of the "Section 8 rental assistance program" under the facts of this case. In the Defendant's claims for relief in its Counterclaim the Defendant seeks a Declaratory Judgment in four areas: 1) sufficiency of income is to be made by the Landlord subject only to judicial review for good faith or reasonableness, 2) the landlord's use of 4.33 to 1 rent multiplier was not in bad faith nor unreasonable, 3) C.G.S. 46a-64c does not reduce or nullify a landlord's right to charge and collect a security deposit and 4) C. G. S. Section 46a-64c does not require an unwilling landlord to participate in the federal Section 8 rental assistance program.
It appears to this court that the issues sought to be CT Page 4009 resolved by the Defendant in its counterclaim may have far reaching impact throughout the State of Connecticut. It would impact each current Section 8 recipient, no matter the specific type of Section 8 subsidy. It would impact all those tenants who have applied for, but not yet have received Section 8 subsidies. It would impact the Department of Housing and Urban Development and all local P.H.A.s under the. various Section 8 programs, including but not limited to every municipal Housing Authority in Connecticut, Finally it would affect each and every landlord in Connecticut whether currently receiving or possibly in the future contemplating receiving Section 8 subsidies.
P.B. 390(d) relating to conditions for granting Declaratory Judgments sets forth notice requirements. "The court will not render declaratory judgments upon complaint of any person: (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof" Failure to provide such notice deprives the court of subject matter jurisdiction Connecticut Ins. Guaranty Assn. v. Raymark Corp., 215 Conn. 224, 229 (1990). Serrani v. Board of Ethics, 225 Conn. 305, 308 (1993). Such a failure of notice can be corrected. Mannweiler v. LaFlamme, 232 Conn. 27, 36 (1995). National Transportation Co. v. Torquet, 123 Conn. 468, 484
(1937). The proper method of correction is for the matter to be continued until the Defendant has furnished proper notice to all interested parties as required by P. B. 390(d). Whether those interested must be made parties, actually identified and served or otherwise served by an order of notice is not before this court.
The Motion to Dismiss is granted unless the Defendant complies with P. B. 390(d) by giving notice to all persons having an interest in the subject matter of the counterclaim and complaint by June 27, 1996. The Defendant may request an extension of this compliance date upon a properly filed motion. Hartford v. Freedom of Information Commission, 41 Conn. App. 66,67 (1996)
Since the portion of the Motion to Dismiss relating to failure to exhaust administrative remedies may have an impact on those interested persons to whom P. B. 390(d) notice has been ordered, the Motion to Dismiss is denied as to that ground, without prejudice to the plaintiff, to file a new Motion to Dismiss addressed to that same issue with an opportunity for those interested parties to join in the argument and briefing process.
BY THE COURT
Kevin Tierney, J. CT Page 4010