[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On June 23, 1995, the plaintiffs, Marleny and Cesar Gutierrez, filed a two count complaint against the defendant, Metropolitan Property Casualty Co., claiming benefits under the uninsured/underinsured provision of an automobile insurance policy issued by the defendant to the plaintiffs. Count one of the complaint alleges damages for personal injuries suffered by Marleny Gutierrez as a result of an automobile accident; count two claims damages by Cesar Gutierrez as a consequence of the loss of consortium.
The plaintiffs allege that on May 20, 1994, Marleny Gutierrez CT Page 218 was operating her automobile when there was a collision with another vehicle negligently operated by an underinsured motorist.
Defendant filed this motion for summary judgment on September 26, 1996 with attached memorandum of law, a sworn affidavit and exhibits claiming that, as a matter of law, the plaintiffs are not entitled to underinsured motorist benefits under the policy issued by the defendant because such policy was not subject to stacking.
— I —
The defendant argues that the policy at issue, which covered two vehicles, provided uninsured/underinsured motor vehicle coverage in the amount of $100,000 per person and $300,000 per accident, but did not provide for stacking. The defendant submitted a copy of the policy's declaration page which it claims proves there was a single premium, and consequently a single non-stacked limit applies to the whole policy. In addition, the defendant submitted an uninsured motorist quotation and selection form showing that the plaintiffs had opted for non-stacked coverage. The defendant claims that since the tortfeasor was covered at the time of the accident by an insurance policy with liability limits of $100,000, and the policy at issue is not subject to stacking, the coverage provided for uninsured motorist is equal to the tortfeasor's limits of liability and, consequently, the underinsured motorist coverage is not triggered. The defendant further argues that, effective January 1, 1994, the plaintiff is also precluded from stacking uninsured motorist coverages by General Statutes § 38a-336 (d).
The plaintiffs deny that this was a "single premium" policy and maintain that the policy provided for separate premiums to be paid by the plaintiffs for uninsured/underinsured motorist coverage. The plaintiffs have submitted a copy of a declaration page of the policy showing separate premiums of $53.00 and $52.00 for the two covered vehicles for uninsured/underinsured motorist coverage. The plaintiffs further deny that they signed an election form opting for unstacked coverage and argue that the copy of the alleged election form bears the signature of Marleny Villolobos, not Marleny Gutierrez, and that the defendant failed to establish a connection between Marleny Villolobos and Marleny Gutierrez.
In Connecticut the courts have found stacking to be available CT Page 219 when the insured has paid separate premiums for the underinsured motorist coverage afforded to each vehicle because such a result falls within the reasonable expectations of the parties to the insurance contract on the theory that an insured who pays a double premium can reasonably expect double coverage. This is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles. Kent v.Middlesex Mutual Assurance Co., 226 Conn. 427, 432-33 (1993).
In the present case, the exhibits submitted by the parties create a factual dispute as to the issue of stacking, and there appears to be an issue of material fact as to which one of the two policies evidenced by the two separate declaration pages submitted as exhibits by the parties was in existence at the time of the accident. The copy of the declaration page submitted by the defendant bears an effective date of November 28, 1993, an expiration date of May 28, 1994, but a transaction date of May 20, 1995. It is therefore not clearly apparent that it reflects the terms of the policy in force at the time of the accident. Furthermore, the uninsured motorist quotation and selection form bears a date of August 31, 1992, but there is no evidence that such election was in effect at the time of the accident. Furthermore, the defendant's affidavit, which attests that the policy at issue provided for non-stacked coverage as evidenced by the single premium for uninsured motorist coverage shown on the declaration page, is contradicted by the November 12, 1996 affidavit signed by Marleny Gutierrez, and by a copy of a declaration page, submitted by the plaintiffs as Exhibit A, which shows separate premiums for uninsured motorist coverage. These contradictory exhibits present issues which need to be resolved by a trier of fact and cannot be resolved by a motion for summary judgment.
— II —
The second argument advanced by the defendant, i.e. that stacking is prohibited by General Statutes § 38a-336 (d), is also unavailing because the policy covering the accident was issued prior to the effective date of the enactment of Public Act 93-297, codified as General Statutes § 38a-336 (d), and was still in force when the accident occurred. The Supreme Court of Connecticut has "consistently . . . expressed reluctance to construe statutes retroactively where the statutes affect CT Page 220 substantial changes in the law, unless the legislative intent clearly and unequivocally appears otherwise." Gil v. CourthouseOne, 239 Conn. 676, 686, 687 A.2d 146 (1997). See Wozniak v.Keystone Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 376435 (May 14, 1997, Fracasse, J.) (19 CONN. L. RPTR. 423), holding that stacking of benefits under uninsured/underinsured motorist was available to the plaintiff, who was covered by an automobile policy issued prior to the effective date of the statute, notwithstanding that she was injured in a car accident which occurred after such date.
Motion for Summary Judgment denied.
Jerry Wagner Judge Trial Referee