[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves section 28 of Public Act 93-297, which repealed General Statutes § 38a-369(b), effective January 1, 1994. This statute provided for the granting of a statutory lien for amounts paid as Basic Reparations Benefits (BRB). The plaintiff, Atlantic Mutual Insurance Company, paid BRB to its insured, Helga K. Altena, the defendant.
The parties have filed a stipulation of facts. They agree that the motor vehicle accident giving rise to the claim by the defendant for BRB occurred on October 17, 1990. The plaintiff paid $5,000 of such benefits to the defendant prior to January 1, 1994. In 1996, the defendant received a settlement from a third-party tortfeasor. The defendant has refused to reimburse the plaintiff on the basis that General Statutes § 38a-369(b)[1]
was repealed before she received a settlement from the third-party tortfeasor, and therefore that this statute's requirement for reimbursement does not apply. The plaintiff brought this action in May, 1997, seeking to enforce its claim for reimbursement. The defendant filed two special defenses. The first referred to Public Act 93-297 as eliminating a lien for BRB. The second special defense claimed that the BRB payments received by the defendant were collateral source benefits as of January 1, 1994, and that General Statutes § 52-225 (c) prohibited an insurer from recovering such payments.
Pursuant to General Statutes § 52-549n and Practice Book § 546D, now Practice Book (1998 Rev.) § 23-53, the case CT Page 5250 was referred to an attorney fact-finder, Bernadette Coomaraswamy, Esquire. The fact-finder issued a report recommending that judgment enter in favor of the defendant because the repeal of General Statutes § 38a-369 (b) on January 1, 1994, abolished the plaintiff's subrogation rights, which is the subject of this action. 1957 The plaintiff filed an objection to the fact-finder's report; see Practice Book § 546H, now Practice Book (1998 Rev.) §23-57. The plaintiff claims that it had a vested contractual right of reimbursement which existed prior to the repeal of General Statutes § 38a-369(b).
When reviewing reports of fact finders, "the court may . . . (1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the court may deem appropriate." Practice Book § 546J, now Practice Book (1998 Rev.) § 23-58.
"A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . or the Superior Court reviewing the findings of either administrative agencies . . . or attorney trial referees." (Citations omitted.)Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423, 567 A.2d 1250, cert. denied, 214 Conn. 804,573 A.2d 318 (1989).
In this particular case, however, there were no findings of fact required because the parties stipulated to all the relevant facts. The fact-finder made a conclusion of law that the plaintiff could not recover the BRB benefits it had paid the defendant because of the repeal of the legislation granting an insurer a statutory lien to recover BRB payments to an insured. Legal conclusions by a fact-finder are not binding on the court.Elgar v. Elgar, 238 Conn. 839, 848-49, 679 A.2d 937 (1996); Dillsv Enfield, 210 Conn. 705, 713, 557 A.2d 517 (1989). See alsoState Bank of Westchester v. New Dimension Homes of Connecticut,Inc., 38 Conn. App. 491, 497, 661 A.2d 119 (1995) ("[a]ny legal CT Page 5251 conclusions reached by an attorney trial referee have no conclusive effect.")
The plaintiff indicates that this same issue was addressed inPatriot General Insurance Company v. Normandie, III, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. CV 94 0463778 (May 11, 1995) (Handy, J.) (14 CONN. L. RPTR. 311), rev'd on other grounds, 41 Conn. App. 66,674 A.2d 861 (1996). Judge Handy applied the long-standing principle "disfavoring retrospective laws affecting substantive rights," and stated that the insured's right to subrogation was "fixed at the time the cause of action accrues." The court, while pointing out that the accident occurred in 1992, and that BRB benefits were paid prior to January 1, 1994, ruled that the insurer, at the time it made such payments to its insured, had a vested right to subrogation. "The fact that the third party settlement occurred after January 1, 1994 does not extinguish that right."
This reasoning is sound and logical. When the plaintiff in this case paid BRB benefits to the defendant, it was provided a statutory lien to recover such payments in accordance with General Statutes § 38a-369. The subsequent repeal of this statute should not be applied retroactively to abolish its vested right of subrogation.
Therefore, the court rejects the recommendation of the fact-finder, revokes the reference to fact-finding, and enters judgment in favor of the plaintiff for $5,000, the amount of BRB it previously paid to the defendant, less a credit for attorney's fees if applicable.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of April, 1998.
William B. Lewis, Judge