[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 24, 1999, a jury returned a verdict of $150,000 for the plaintiff, Kelly Renz against the defendant Allstate Insurance Co., in connection with an automobile accident that occurred on February 2, 1994. Prior to trial, the parties determined that they were in disagreement as to the amount of coverage available to the plaintiff. In particular, the parties disagreed as to whether the statutory prohibition against inter-policy and intra-policy stacking[1] contained in No. 93-297 of the 1993 Public Acts, codified at General Statutes § 38a-336
(d), applied in this case. Before the trial commenced, the parties agreed to submit this dispute to the court after the conclusion of the trial if plaintiff prevailed. Accordingly, after the trial, each party filed a motion for post-verdict determination of this issue as well as a memorandum of law. On April 19, 1999, this court heard oral argument. Each party subsequently filed a post-hearing memorandum at the court's request.
A brief overview of the relevant facts is required to place this ruling in context.
On July 1, 1993, the General Assembly passed No. 93-297 of the 1993 Public Acts. Section 1(d) of the act abolished the doctrine of stacking.[2] The act contains an effective date provision which, as to § 1(d), provides in relevant part that: "This act shall take effect from its passage, except that sections 1 to 24, inclusive, and section 28 shall take effect January 1, 1994, and sections 1, 2 and 5 to 24, inclusive, shall be applicable to acts or omissions occurring on or after January 1, 1994." P.A. 93-297, § 29.
On August 21, 1993, the plaintiffs policy of insurance was issued. This policy provided the plaintiff with $50,000 of uninsured motorist coverage. On September 23, 1993, the plaintiffs parents' policy of insurance was issued. The parents' policy provided them with $100,000 of uninsured motorist coverage on each of two vehicles. The accident upon which this action is based occurred on February 2, 1994. Thus, both the plaintiffs and her parents' insurance policies were issued prior to the January 1, 1994 effective date of P.A. 93-297, § 1 (d). However, as noted, the accident occurred after that date. CT Page 10132
The plaintiff argues that because the policies in question were issued prior to January 1, 1994, she is entitled to stack the policy limits in calculating her available coverage. This would entitle her to $250,000 in coverage.[3] The defendant asserts, in contrast, that P.A. 93-297, § 1(d), applies in this case because the underlying accident occurred after the act's January 1, 1994 effective date. If the act applies, then the plaintiff would only be entitled to coverage of $50,000, considerably less than the $150,000 verdict.
The legal issue before the court, therefore, is whether the stacking prohibition contained in P.A. 93-297 applies to the accident in the instant case. This involves a determination of the legislature's intent. Accordingly, the starting point must be an examination of the wording of the effective date provision.
The effective date provision, P.A. 93-297, § 29, indicates that the stacking prohibition is applicable to "acts or omissions" occurring on or after January 1, 1994. These words are clear and unambiguous and should be construed according to commonly approved usage. General Statutes Section 1-1(a). A court will not torture words to import ambiguity where none exists. Schultz v. Hartford Fire Ins. Co., 213 Conn. 696, 703
(1990). Common sense must be used. Where the words of a statute are plain, there is no need to look for interpretative guidance because the court can assume the words themselves express the intention of the legislature. Caltabiano v. Planning ZoningCommission, 211 Conn. 662, 666-67 (1989).
The plaintiff asserts that this phrase is ambiguous, since it could refer either to accidents occurring on or after said date or to policies issued or renewed on or after said date. In support of her position, the plaintiff cites two Superior Court cases which hold that P.A. 93-297, § 29, is unclear, Wozniakv. Keystone Insurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 376435 (May 14, 1997,Fracasse, J.) (19 Conn. L. Rptr. 423) and Patriot General Ins.Co. v. Normandie, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 463778 (May 11, 1995,Handy, J.), rev'd on other grounds, 41 Conn. App. 66,674 A.2d 861 (1996).
As in the present case, Wozniak involved the applicability of the stacking prohibition where the policy was issued prior to CT Page 10133 January 1, 1994 and the accident occurred after January 1, 1994. The court began its analysis by noting: "[The Supreme Court] consistently [has] expressed reluctance to construe statutes retroactively where the statutes affect substantial changes in the law, unless the legislative intent clearly and unequivocally appears otherwise. . . . (Citation omitted; internal quotation marks omitted.) Gil v. Courthouse One, 239 Conn. 676, 686, [687 A.2d 146 (1997)]." Wozniak v. Keystone Ins. Co., supra,19 Conn. L. Rptr. 424. The court then concluded that the wording of the statute did not unequivocally express that P.A. 93-297, § 1, would apply in such circumstances: "[Section] 29 refers to acts or omissions and is silent as to what effect the passage of the act would have on policies issued prior to January 1, 1994."Wozniak v. Keystone Ins. Co., supra, 425. Ultimately, the court in Wozniak was persuaded that the act was not intended to extinguish the right of the insured to stack in cases in which the relevant insurance policy was issued prior to January 1, 1994. See id., citing to, inter alia, the legislative history of P.A. 93-297 and prior Superior Court decisions; see alsoGutierrez v. Metropolitan Property, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 551926 (January 8, 1998, Wagner, J.) (21 Conn. L. Rptr. 178) (holding that P.A. 93-297, § 1, did not apply where policy became effective prior to January 1, 1994 and accident occurred after January 1, 1994). But see Krzvczkowski v. Capobianco, Superior Court, judicial district of Litchfield, Docket No. 070963 (February 27, 1997, Pickett, J.) (holding that P.A. 93-297, § 1, applied where accident occurred after January 1, 1994).
However, subsequent to the issuance of the above-cited Superior Court decisions, the Appellate Court released its opinion in Amica Mutual Ins. Co. v. Woods, 48 Conn. App. 690,711 A.2d 1208, cert. denied, 245 Conn. 916, 719 A.2d 900 (1998). Although Amica Mutual did not involve the precise provision at issue in the present case, it did involve another section of P.A. 93-297. As in the present action, Amica Mutual involved a motor vehicle accident which occurred after the effective date of P.A. 93-297. At issue was whether the plaintiff insurer's right to reimbursement for basic reparations benefits paid to the defendant insured was extinguished by P.A. 93-297 even though the operative insurance policy was issued prior to January 1, 1994, the effective date of the act.
The court in Amica Mutual concluded that P.A. 93-297 did extinguish the insurer s right to reimbursement. The Appellate CT Page 10134 Court proceeded under the assumption that P.A. 93 297, by its terms, was applicable to any accidents occurring on or after January 1, 1994, and focused instead on the possibility that the act could not apply retroactively to extinguish the insurer's rights as a matter of law regardless of the language of § 29. See Amica Mutual Ins. Co. v. Woods, supra, 48 Conn. App. 694-96. The court's analysis focused on whether there was a pending claim which provided the plaintiff with a vested right to recover benefits prior to the effective date of P.A. 93-297: "Our courts have consistently held that the repeal of existing legislation making a substantive change in the law does not affect pendingclaims or vested rights absent some clear intent evidenced by the legislature. See McNally v. Zoning Commission, 225 Conn. 1, 9,621 A.2d 279 (1993); Turner v. Turner, 219 Conn. 703, 712,595 A.2d 279 (1991); Gibson v. Fullin, 172 Conn. 407, 412,374 A.2d 1061 (1977)." Amica Mutual Ins. Co. v. Woods, supra, 695. The court was not persuaded by the plaintiff insurers claim that the existing contract in and of itself created a vested right that could not be altered by the legislature, noting that it was unaware of any case which would "support the claim that the existence of an insurance contract creates a pending claim between the parties, or a vested right to recover damages for what has not yet occurred." Id.
The plaintiff asserts that Amica Mutual is distinguishable from the present case in several respects. First, the plaintiff notes that the right involved in Amica Mutual is different from the right involved in the present case. More significantly, the plaintiff argues that the court in Amica Mutual did not rely so much on the timing of the accident as the fact that the insurer did not make payment under the basic reparations provision of the policy until after January 1, 1994. See id., 695. The plaintiff contends that in Amica Mutual, the insurer s right to reimbursement vested upon the payment of basic reparations benefits. Similarly, the plaintiff argues that in the present case, her right to stack policy limits vested when she paid premiums under her insurance policy, and since she paid premiums prior to January 1, 1994, P.A. 93-297 does not extinguish this vested right.
However, irrespective of when the plaintiff paid premiums under the policy, there was no pending claim in this case until the accident occurred on February 2, 1994. The Appellate Court inAmica Mutual made it clear that there is a significant distinction between the existence of a valid contract of CT Page 10135 insurance and the existence of a pending claim thereunder. Although the plaintiff paid premiums and the policy was issued prior to January 1, 1994, in light of the Appellate Court's ruling in Amica Mutual, the mere existence of the policy did not create a pending claim between the parties or a vested right to stack in regard to an accident which had yet to occur. Although the plaintiff is correct in her assertion that factual distinctions exist, these distinctions are not of sufficient legal significance to take this case outside the scope of theAmica Mutual decision.
This court concludes, therefore, that Amica Mutual controls the disposition of the disputed issue in this case and that this court is compelled to apply its teaching.[4] Accordingly, the plaintiffs right to stack the limits of the two operative policies was extinguished on January 1, 1994, prior to the occurrence of the accident. Therefore, the plaintiff is entitled to $50,000 in coverage, representing the limit of her policy.
Douglas S. Lavine Judge, Superior Court