[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Helga K. Altena, has moved (112) to "open" the judgment of this court dated April 30, 1998, in the light of the recent decision of the Appellate Court in Amica MutualInsurance Company v. Woods, 48 Conn. App. 690, ___ A.2d ___ (1998). This case, however, actually reinforces the contention of the plaintiff, Atlantic Mutual Casualty Company, that it is entitled to reimbursement for the Basic Reparations Benefits (BRB) it paid to the defendant, its insured.
The case involves section 28 of Public Act 93-297, which repealed General Statutes § 38a-369(b), effective January 1, 1994. Prior to its repeal, this statute provided a statutory lien for amounts paid as BRB. The plaintiff paid BRB to the defendant before January 1, 1994, for injuries arising out an accident on October 17, 1990, although the defendant did not collect from the third-party tortfeasor until 1996, after the repeal of General Statutes § 38a-369.
In the Amica case cited by the defendant, the accident occurred in July of 1994, and the plaintiff paid BRB to its insured after that date. Because the accident and the payment of benefits occurred after January 1, 1994, the court held that the insurer "had no vested right on January 1, 1994." Id., 695. In the present case, however, the plaintiff had a pending claim and a vested right on the date when the statute was repealed because it had already paid benefits to the defendant before that date.
Therefore, the motion to open judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of June, 1998.
William B. Lewis, Judge