[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DETERMINE COLLATERAL SOURCE PAYMENTS OR BENEFITS (# 126)
By way of a one-count complaint, the plaintiff, Glen A. Rychling, sought and recovered damages for injuries which he sustained when the car driven by the defendant Thor T. Norgaard and owned by the defendant Richard L. Norgaard, struck Rychling's car from the rear. After a jury returned a verdict for the plaintiff in the amount of $64,680, this court ordered that verdict accepted and recorded. Judgment has not yet entered.
On January 6, 1998, the defendants filed a motion for a hearing to determine any reduction in economic damages for collateral source payments or benefits. On February 23, 1998, this court heard oral argument. The plaintiff's insurer, Farm Family Casualty Insurance Co., attended that argument. Thereafter, this court granted Farm Family's motion to be made a party plaintiff. Further argument was held at the court's request on November 23, 1998.
At that hearing, the parties agreed on the following relevant factual history. As previously noted, on December 27, 1993, the plaintiff was injured in a car accident. The plaintiff was insured by Farm Family Casualty Insurance Co. at the time of the accident. At midnight on December 28, 1993, the plaintiff's insurance policy was renewed. Any benefits paid to the plaintiff by his insurance company for the December 27, 1993 accident were made after January 1, 1994.
Effective January 1, 1994, Number 93-296 of the 1993 Public Acts, repealed General Statutes § 38a-369 in its entirety. Section 38a-369(b) provided, in relevant part, that "[w]henever a person who receives basic reparations benefits for an injury recovers damages, either by judgment or settlement, from the owner, registrant, operator or occupant of a private passenger motor vehicle . . . or from a person or organization legally responsible for his acts or omissions, the insurer is entitled to reimbursement from the claimant to the extent that said basic reparations benefits have been paid, minus an amount which represents the insurer's contribution toward attorneys fees for the collection of basic reparations benefits . . . The insurer CT Page 13777 shall have a lien on the claimant's recovery for the amount to which he is entitled for such reimbursement; provided no such lien shall attach until such time as the proceeds of such recovery are in the possession and control of such a claimant . . ." Thus, at issue in the present case is whether the plaintiff's insurer is entitled to repayment of basic reparations benefits since the contract of insurance under which the plaintiff received those benefits was in effect prior to the effective date of Public Act No. 93-296.
This court finds that the recent Appellate Court decision inAmica Mutual Insurance Co. v. Woods, 48 Conn. App. 690, cert. denied, 245 Conn. 916 (1998), controls the present case. The Appellate Court in Amica Mutual
held that an insurer had no vested right under which it could seek repayment of reparations benefits until the date said benefits were paid. Id., 695. The court rejected the insurer's argument that the effective date of the insurance contract controlled over the effective date of P.A. No. 93-296. Id. The Appellate Court reasoned that the insurer "had no vested right to recover benefits as of January 1, 1994, because . . . the payment of the benefits to the [plaintiff], occurred after § 38a-369 was repealed." Id. "An insurer's right to subrogation under an insurance contract cannot arise until after it makes payment under the basic reparations provision of the policy." Id. The Court, therefore, concluded "that whenP.A. 93-297 took effect on January 1, 1994, the [plaintiff's insurer's] right to recover reparations benefits paid to the . . . insured was extinguished." Id., 695-96. While the accident in Amica Mutual did not take place until July 1994, and arguably could be distinguished from this fact pattern, where the accident happened before the revision to the statute, the court declines to do so.
Accordingly, in the present case, the plaintiff's insurer, Farm Family Casualty Insurance Co., has no right to subrogation under its insurance contract because it had no vested right to recover payments as of January 1, 1994, since all payments to the plaintiff were made after that date.
All parties agree that Farm Family Casualty Insurance Co. does not have a right to subrogation, the basic reparation benefits are a collateral source, to be deducted from plaintiff's recovery (less, of course, premiums paid by plaintiff). CT Page 13778
Judgment will enter accordingly.
Koletsky, J.