[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants' case breaks down into two parts. First they assert that there was no contract of insurance because they never received delivery of the insurance contract. Second, they argue that § 38a-369 is inapplicable because at the time they were paid basic reparation benefits and settled their case with the tortfeasor, § 38a-369 had been repealed and as a result the plaintiff had no statutory lien to attach to the settlement proceeds.
 I
On cross examination, the defendant, Jeremy Vishno, admitted that he and the co-defendant had had an insurance contract with the plaintiff. Indeed, how else would the defendants have known enough to make their no fault claim. This claim is without merit in fact and in law.
 II
As to the plaintiff's second defense the court believes that resolution of this issue is controlled by Amica Mutual AssuranceCo. v. Woods, 48 Conn. App. 690 (1998) wherein the Appellate Court established the requirement that two events occur before a subrogee becomes entitled to reimbursement under G. S. § 38a-369. Both the accident entitling the defendants to the benefit and the payment of benefits must have occurred prior to January 1, 1994. Id. at 695. In this case while the accident occurred prior to the January 1, 1994 the benefits were paid over a period beginning March 9, 1994 and ending July 12, 1994 thus failing to satisfy the second prong of the Amica test.
Judgment may enter for the defendants.
THE COURT,
Mottolese, Judge CT Page 448