[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
The parties agreed to submit this matter to the court on briefs, the facts not being in dispute. At issue is the effect of the passage of Public Act 93-297 on Section 38a-369 of the General Statutes. That section gave insurance carriers the right to reimbursement for basic reparations payments made to an insured. The public act repealed Section 38a-369 effective January 1, 1994.
The plaintiff insured the spouse of the defendant under an auto policy effective May 26, 1993. On January 28, 1994, the defendant was injured in an accident with a third party, as a result of which the plaintiff paid his medical expenses. Subsequently, the third party settled with this defendant who recovered for his injuries and medical expenses. The plaintiff now seeks to recover the amount it paid previously, relying on Section 38a-369.
 DISCUSSION
The plaintiff's first claim is that this repeal cannot be applied retrospectively, thus depriving it of substantive rights. It is generally the case that "a statute should not be applied retroactively to pending actions unless the legislature clearly expressed an intent that it should be so applied." McNally v.Zoning Commission of Norwalk, 225 Conn. 1, 9 (1994). The CT Page 1173 plaintiff argues that its rights, established on May 26, 1993, cannot be erased by legislation effective January 1, 1994.
While citing other trial court decisions, the plaintiff overlooks an Appellate Court decision in which the factual situation was identical to this case. In Amica Mutual InsuranceCompany v. Woods, 48 Conn. App. 690, cert. denied, 245 Conn. 915
(1998), the insurance policy in question was issued on November 15, 1993. The accident occurred on July 4, 1994.
On those facts, the court refereed to the McNally case, supra, but went on to say:
 "The plaintiff had no vested right to recover benefits as of January 1, 1994, because the accident entitling the defendant to benefits, as well as the payment of the benefits to the defendant, occurred after § 38a-369 was repealed. While there was an insurance contract in effect between the parties on January 1, 1994, the plaintiff cites no cases, nor are we aware of any, to support the claim that the existence of an insurance contract creates a pending claim between the parties, or a vested right to recover damages for what has not yet occurred. Furthermore, the insurance policy of the parties provided that the right of the plaintiff to recover payments was subject to "any applicable limitations stated in the Connecticut Insurance Law." An insurer's right to subrogation under an insurance contract cannot arise until after it makes payment under the basic reparations provision of the policy. See Amica Mutual Ins. Co. v. Barton, 1 Conn. App. 569, 572-73, 474 A.2d 104 (1984). We, therefore, conclude that when P.A. 93-297 took effect on January 1, 1994, the plaintiff's right to recover reparations benefits paid to the defendant insured was extinguished."
It is therefore the conclusion of the court that judgment must enter for the defendant.
Anthony V. DeMayo Judge Trial Referee