[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: #110 PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT #111 DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT
Presently before the court is Plaintiff's Motion for Summary Judgment and Defendants' Cross Motion for Summary Judgment.
The plaintiff, United States Fidelity Guaranty Company, filed suit on December 29, 1997, against the defendants, Albert Stone and Sally Stone, seeking damages on the ground that it is entitled to subrogation under its personal automobile policy[1]
with the defendants and under General Statutes § 38a-369,[2]
which, at the time of the accident at issue, provided for reimbursement by an insurance company for medical benefits paid when receipt of basic reparation benefits are recovered either by judgment or settlement from a responsible third party. The plaintiff alleges that the defendants have recovered from a responsible third party.
The plaintiff alleges on or about October 22, 1993, the defendants' minor children, William Stone and Bryan Stone, were CT Page 661 passengers in an automobile operated by Raymond Weston which was involved in an accident with an automobile operated by Richard Magin and Rosario Ernandez. The plaintiff concedes that, as a result, the defendants' minor children were injured. It is not in dispute that the defendants had a personal automobile policy with the plaintiff which included coverage for the minor children. As obligated, the plaintiff paid medical benefits on behalf of the defendants' minor children. The plaintiff seeks reimbursement for benefits it paid, which the defendants have subsequently recovered from Magin and/or Ernandez.
The defendants filed an answer denying this claim and a special defense that under General Statutes § 38a-369, the statutory no-fault lien claimed by the plaintiff attaches at the time payment is disbursed in settlement or judgment, and that on this date, the statute creating this lien had already been repealed. Therefore, the defendants claim that no enforceable lien exists. The plaintiff denied this special defense.
On May 20, 1999, the plaintiff filed a motion for summary judgment accompanied by a memorandum of law, an affidavit, and exhibits, arguing that it is entitled to judgment as a matter of law under the terms of its insurance policy and under General Statutes § 38a-369, arguing that it had a vested contract right and is entitled to subrogation. On October 1999, the defendants filed an objection to the plaintiff's motion for summary judgment, arguing that the no-fault lien could not vest until the settlement proceeds were disbursed to the claimant by the responsible third party and that the proceeds were not disbursed until after the statute allowing for subrogation was repealed. The defendants also filed a cross motion for summary judgment accompanied by a memorandum of law on the same basis. In response, on November 15, 1999, the plaintiff filed a reply to the defendants' objection to its motion for summary judgment and an objection to the defendants' cross motion for summary judgment, arguing that under General Statutes § 38a-369, the interest in subrogation vests upon payment by the plaintiff of medical benefits to the defendants on behalf of their minor children, that payments were made prior to the repeal of the statute, and that it is, therefore, entitled to subrogation.
Plaintiff's motion for summary judgment should be granted only as to the basic reparation benefits it paid to the defendants prior to the repeal of General Statutes § 38a-369. The plaintiff's motion for summary judgment is denied as to the basic CT Page 662 reparation benefits it paid after the repeal of the statute. The defendants' cross motion for summary judgment is denied.
"The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Millerv. United Technologies Corp. , 233 Conn. 732, 751. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v.Federal Ins. Co., 245 Conn. 374, 381. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp. , supra, 233 Conn. 751-52. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v.Royal Park Limited Partnership, 243 Conn. 552, 554.
The issue before the court is whether, as a matter of law, the right of subrogation provided under General Statutes § 38a-369 exists after the passage of No. 93-297 of the 1993 Public Acts, which repealed this statute, and if so, whether the right to subrogation vests upon the payment of basic reparation benefits to the insured.
The plaintiff argues that it is entitled to judgment under the terms of its insurance policy and under General Statutes § 38a-369. The plaintiff argues that a statute effecting substantive rights is to be applied prospectively only, unless the legislature clearly expresses that it should be applied retrospectively. It argues that the legislature here has not clearly expressed a retrospective intent. Accordingly, the plaintiff argues that its right to subrogation is not destroyed by repeal of the statute. The defendants argue that the policy period was entirely prior to the repeal and that the statutory right for an attachable lien for settlement proceeds, which existed prior to the repeal, does not survive as to proceeds disbursed after the repeal.
"Connecticut has a strong policy disfavoring retrospective laws CT Page 663 affecting substantive rights of the parties, which generally, if not universally, work injustice." Gibson v. Fullin,172 Conn. 407, 412. "A statute should not be applied retroactively to pending actions unless the legislature clearly expressed an intent that it should be so applied." McNally v. ZoningCommission, 225 Conn. 1, 9. "[T]he accepted principle of statutory construction [is] that a statute affecting substantive rights is to be applied only prospectively unless the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively. Turner v. Turner,219 Conn. 703, 712. Factors that have been addressed when considering the legislature's intent to apply a repeal or amendment retrospectively include, "the history of its enactment, . . . the mischief it was designed to remedy, and . . . the underlying policy it was intended to serve. Id., 713.
As a matter of law, the right to subrogation provided under General Statutes § 38a-369 exists after the statute's repeal by No. 93-297 of the 1993 Public Acts. The legislature has not clearly expressed an intent that the repeal of General Statutes § 38a-369 should be applied retrospectively. The legislative history shows no intent to interfere with insurance contracts existing prior to the repeal of the statute. The legislative author of the Act, Representative Lyons, stated in response to a question as to when the repeal should take effect for those who have a policy that renews after January 1, 1994 that, "the bill will take effect as you renew your policy, upon renewal of your policy." 36 H.R. Proc., Pt. 27, 1993 Sess., p. 9757. This statement indicates that there is no intent by the legislature to apply this repeal retrospectively.
The defendants argue that the legislature limited the right to recover under the lien allowed for under General Statutes § 38a-369 by making it clear that the lien does not attach until settlement proceeds are disbursed. The plaintiff is bringing its suit under a claim of a vested right in subrogation under its insurance contract with the defendants and under General Statutes § 38a-369, not on a claim of a right to attachment of a lien pursuant to General Statutes § 38a-369.
The plaintiff argues that under the terms of its insurance contract with the defendants, and under General Statutes 38a-369, its interest in subrogation vested upon its payment of basic reparation benefits to the defendants. It argues that it has a vested contract right under the terms of its personal automobile CT Page 664 policy with the defendants at the time it paid basic reparation benefits on behalf of their minor children. The plaintiff argues that the payments made to the insured were made before the repeal of General Statutes § 38a-369, and therefore, it is entitled to subrogation. It argues that this is the case irrespective of the date that the payments were made to the medical providers, and irrespective of the date of settlement with the responsible third party.
The defendants object and move for summary judgment, arguing that the no-fault lien could not attach until the settlement proceeds were disbursed. The settlement proceeds in this matter were not disbursed until after the statute was repealed. Therefore, the defendants argue that the lien is unenforceable. In response, the plaintiff argues that the defendants are attempting to avoid their obligation under the statute by arguing that the right to subrogation does not vest until the lien is attached. The plaintiff argues that the issue before the court is its vested right to subrogation and this right is separate from the right of attachment of a lien.
"An insurer's right to subrogation under an insurance contract cannot arise until after it makes payment under the basic reparations provision of the policy." Amica Mutual Ins. Co. v.Woods, 48 Conn. App. 690, 695, cert. denied, 245 Conn. 916; seeIntegon Ins. v. Wilson, Superior Court, judicial district of New Haven at New Haven, Docket No. 408889 (February 2, 1999, DeMayo,J.) (23 Conn. L. Rptr. 685). In Amica, the court stated that "[t]he plaintiff had no vested right to recover benefits as of January 1, 1994, because the accident entitling the defendant to benefits, as well as the payment of the benefits to the defendant, occurred after § 38a-369 was repealed." Amica MutualIns. Co. v. Woods, supra, 48 Conn. App. 695. "[T]wo events occur before a subrogee becomes entitled to reimbursement under General Statutes § 38a-369. Both the accident entitling the defendants to the benefit and the payment of benefits must have occurred prior to January 1, 1994." Middlesex Mutual Assurance Co. v. Vishno, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348525 (January 20, 1999, Mottolese, J.). "The rule that repeal does not operate to affect vested rights is applicable not only to those acquired under contracts . . . but also to vested rights of action to recover damages for torts."Massa v. Nastri, 125 Conn. 144, 147-48; Rychling v. Norgaard, Superior Court, judicial district of New London at New London, Docket No. 536877 (November 24, 1998, Koletsky, J.) (23 Conn. L. CT Page 665 Rptr. 465).
The right to subrogation vests upon payment of basic reparation benefits. Therefore, the plaintiff is entitled to subrogation of basic reparation benefits it paid to the defendants prior to the repeal of the statute. However, the plaintiff is not entitled to payments made after the repeal of the statute. Once the right to subrogation vests, a plaintiff may recover under the statute because the repeal of the statute does not destroy a vested right to subrogation. However, the plaintiff is not entitled to payments it made after the repeal of General Statutes § 38a-369.
Accordingly, the plaintiff's motion for summary judgment is granted only as to the basic reparation benefits it paid to the defendants prior to the repeal of General Statutes § 38a-369; and the plaintiff's motion for summary judgment is denied as to the basic reparation benefits it paid the defendants after the repeal of the statute. The defendants' cross motion for summary judgment is denied.
Ronald J. Fracasse, Judge