[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#112) AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#113)
I. Factual and Procedural Background
The plaintiff, Middlesex Mutual Assurance Company ("Middlesex"), filed suit on January 7, 1999, against the defendants, Judith A. Spragg and Donald E. Spragg ("the Spraggs"), seeking damages on the ground that it is entitled to reimbursement of benefits paid pursuant to the terms of its automobile policy with the Spraggs. For the reasons stated below, summary judgment for Middlesex is granted with respect to payments of benefits it made prior to the repeal of General Statutes § 38a-369, less a credit for attorney fees if applicable,[1] and denied with respect to payments made after the repeal. Summary judgment for the Spraggs is granted with respect to payments Middlesex made after the repeal of General Statutes § 38a-369, and denied with respect to payments Middlesex made before the repeal.
Middlesex alleges that on or about December 20, 1991, the Spraggs were involved in an automobile accident with a third party. Middlesex alleges that at the time of the accident; the Spraggs maintained an automobile insurance policy with its company. It alleges that pursuant to the terms of the policy, it paid the Spraggs, and their health care providers, no-fault benefits. Middlesex claims that under the terms of the policy, the Spraggs are obligated to reimburse Middlesex upon their receipt of payment from a responsible party or that party's insurer. Middlesex alleges that the Spraggs received payment from a responsible party, or their insurer, and it is now entitled to reimbursement. Middlesex asserts that it has made a demand upon the Spraggs in accordance with the terms of the policy, but that the Spraggs have refused to comply. Middlesex claims that the Spraggs breached their policy of insurance and that it is CT Page 6681 entitled to reimbursement.
On August 9, 1999, Middlesex filed a motion for summary judgment, supporting memorandum of law, and a stipulation of facts accompanied by supporting exhibits. Middlesex argues that it has a vested right of subrogation under General Statutes § 38a-369. On February 7, 2000, the Spraggs filed a motion for summary judgment and supporting memorandum of law arguing that Middlesex's right of subrogation was extinguished upon the repeal of § 38a-369 by Public Act 93-297 because its right never vested.
II. Standard of Review
"The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp.v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United TechnologiesCorp., supra, 233 Conn. 751-52. "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Maffucci v. Royal Park Limited Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998).
III. Discussion
Middlesex argues that it is entitled to summary judgment as a matter of law because under the terms of the automobile insurance policy and General Statutes § 38a-369, it has a vested right of subrogation. Middlesex argues that the insurance policy provided for subrogation and its right of subrogation vested prior to the repeal of § 38a-369 by Public Act 93-297. Middlesex argues that its right vested at the time itcommenced paying basic reparation benefits, and that it commenced paying prior to the repeal of § 38a-369. Therefore, it argues that it is entitled to reimbursement for benefits is paid both before and after the repeal.
The Spraggs argue that they are entitled to summary judgment as a CT Page 6682 matter of law because under the terms of the policy and General Statutes § 38a-369, Middlesex has no vested right of subrogation. The Spraggs argue that the right of subrogation vests (1) when payments are made to the insured, and (2) the insured is in "possession and control" of the proceeds recovered from the tortfeasor. Specifically, with respect to payments made before the repeal, the Spraggs argue that they were not in "possession and control" of the proceeds until after the repeal, and therefore, Middlesex has no vested right and is not entitled to recover these benefits. With respect to payments made after the repeal, the Spraggs argue that Middlesex's right of subrogation extinguished upon the repeal of § 38a-369 because it had no vested right. The Spraggs argue that the right vests when payments are made, not when payments are commenced, and therefore, Middlesex has no vested right to payments made after the repeal.
The insurance policy in effect at the time of the accident provides for basic reparation benefits coverage and the right for the insurer to recover payments subject to applicable limitations.[2] The statute in effect at the time of the accident, and at the time Middlesex commenced payments, was General Statutes § 38a-369.[3] After the commencement of payments by Middlesex, General Statutes § 38a-369 was repealed by Section 28 of Public Act 93-297. Section 29 of Public Act 93-297 provided that "section 28 shall take effect January 1, 1994." It is undisputed that Middlesex continued to make payments after the repeal of General Statutes § 38a-369.
The issue to be resolved here is whether Middlesex has a vested right of subrogation with respect to the payments it made both before and after the repeal of General Statutes § 38a-369. "Our courts have consistently held that the repeal of existing legislation making a substantive change in the law does not affect pending claims or vested rights absent some clear intent evidenced by the legislature to do so." (Emphasis in original.) Amica Mutual Ins. Co., v. Woods, 48 Conn. App. 690,695, 711 A.2d 1208, cert. denied, 245 Conn. 916, 719 A.2d 900 (1998). InAmica v. Woods, the court stated, "[w]hile there was an insurance contract in effect between the parties on January 1, 1994, the plaintiff cites no cases, nor are we aware of any, to support the claim that the existence of an insurance contract creates a pending claim between the parties, or a vested right to recover damages for what has not yet occurred." Amica Mutual Ins. Co., v. Woods, supra, 48 Conn. App. 695. SeeAmica Mutual Ins. Co. v. Barton, 1 Conn. App. 569, 572-73, 474 A.2d 104
(1984); Integon Ins. v. Wilson, Superior Court, judicial district of New Haven at New Haven, Docket No. 408889 (February 2, 1999, DeMayo, J.) (23 Conn.L.Rptr. 685).
In Amica v. Woods, the court held that "[a]n insurer's right to CT Page 6683 subrogation under an insurance contract cannot arise until after it makes payment under the basic reparations provision of the policy." AmicaMutual Ins. Co., v. Woods, supra, 48 Conn. App. 695. The court stated "[t]he plaintiff had no vested right to recover benefits as of January 1, 1994, because the accident entitling the defendant to benefits, as well as the payment of the benefits to the defendant, occurred after § 38a-369 was repealed." Id. See Integon Ins. v. Wilson, Superior Court, judicial district of New Haven at New Haven, Docket No. 408889 (February 2, 1999, DeMayo, J.) (23 Conn.L.Rptr. 685) (court entered judgment for the defendant because the accident occurred after the repeal of § 38a-369). "[T]wo events occur before a subrogee becomes entitled to reimbursement under General Statutes § 38a-369. Both the accident entitling the defendants to the benefit and the payment of benefits must have occurred prior to January 1, 1994." Middlesex Mutual Assurance Co.v. Vishno, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348525 (January 20, 1999, Mottolese, J.).
In Rychling v. Norgaard, Superior Court, judicial district of New London at New London, Docket No. 536877 (November 24, 1998, Koletsky,J.), the court relied on Amica v. Woods concluding that there was no vested right of subrogation because any payments made were made after the repeal of the statute. In Rychling, an insurance policy was in effect, and an accident occurred prior to the repeal of § 38a-369, however, benefits were not paid until after the repeal of the statute. Id.
Finally, in Atlantic Mutual Ins. Co. v. Altena, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 158703 (April 30, 1998, Lewis, J.), the court held that the plaintiff insurance company had a vested right when § 38a-369 was repealed because it had already paid benefits to the defendant before the date of repeal. InAtlantic Mutual Ins. Co., the court was not required to address the issue of payments made after the repeal of the statute because all payments were made prior to the repeal.
The following relevant facts are undisputed here. At the time the accident occurred on December 20, 1991, Middlesex insured the Spraggs under an automobile policy that provided for the payment of basic reparation benefits. General Statutes § 38a-369 was in effect at the time of the accident, and at the time Middlesex commenced paying basic reparation benefits. Middlesex paid benefits totaling $7,791.05 prior to the repeal of § 38a-369 and $6,967,18 after the repeal.
A. Payments made before the repeal of § 38a-369
Middlesex has a vested right of subrogation with respect to payments it made before the repeal of § 38a-369. The right of subrogation vests CT Page 6684 when payment of benefits are made to the insured. Amica Mutual Ins. Co.,v. Woods, supra, 48 Conn. App. 695. It is undisputed that Middlesex made payments to the Spraggs, and their medical providers, before the repeal of § 38a-369.
The Spraggs argue that Middlesex has no vested right of subrogation with respect to payments made prior to the repeal of the statute. They claim that the right of subrogation vests when the insured is in "possession and control" of the proceeds recovered from the tortfeasor. They argue that they were not in possession and control of the proceeds until after the repeal of § 38a-369. This argument is without merit. In Atlantic Mutual Ins. Co. v. Altena, supra, Superior Court, Docket No. 158703, the court stated that once the right of subrogation is vested, it remains vested notwithstanding the fact that recovery from a responsible third party may not occur until after the repeal of § 38a-369.
In addition, the Spraggs inaccurately claim that since both settlement and receipt of the proceeds occurred after the repeal of the statute, and Middlesex's lien could not attach until they had possession and control of the proceeds, and by then the right of subrogation had been repealed, then Middlesex's interest had not vested prior to the repeal, and therefore, was extinguished. Middlesex is claiming a vested right of subrogation under its insurance contract and under § 38a-369. It is not claiming a right to attachment of a no-fault lien pursuant to § 38a-369. Under § 38a-369, a no-fault lien could not attach until the settlement proceeds were disbursed.[4] However, the issue of attachment of a lien under the statute is a different issue than that of a vested right of subrogation. A vested right of subrogation is separate and distinct from the right of attachment of a no-fault lien. The only issue before this court here is whether Middlesex has a vested right of subrogation. It does not follow that the right of subrogation can not vest because settlement and the receipt of proceeds occurred after the repeal of the statute. Under § 38a-369, once a right vests, is exists independently to the right to attachment of a no-fault lien upon recovery of proceeds from a tortfeasor.
The Spraggs also argue that the language of the insurance policy at issue requires Middlesex to be subject to applicable limitations in Connecticut insurance laws. Specifically, the Spraggs argue that in light of the legislatures repeal of § 38a-369, and General Statute §52-225c,[5] any vested right, if any, is extinguished. The court here believes that its findings are consistent with Connecticut insurance law and the legislatures intent with respect to the repeal of § 38a-369. "A statute should not be applied retroactively to pending actions unless the legislature clearly expressed an intent that it should be so applied."McNally v. Zoning Commission, 225 Conn. 1, 9, 621 A.2d 279 (1993). "[T]he CT Page 6685 accepted principle of statutory construction [is] that a statute affecting substantive rights is to be applied only prospectively unless the legislature clearly and unequivocally expresses its intent that the legislation shall apply retrospectively." Turner v. Turner, 219 Conn. 703,712, 595 A.2d 297 (1991). The legislative history of Public Act 93-297 shows no intent to interfere with insurance contracts existing prior to the repeal of § 38a-369. Nor does it express an intent that the repeal of § 38a-369 should be applied retrospectively.
Accordingly, Middlesex is entitled to reimbursement of payments made before the repeal of § 38a-369.
 B. Payments made after the repeal of § 38a-369
Middlesex has no vested right of subrogation with respect to payments it made after the repeal of § 38a-369. The right of subrogation under § 38a-369 is extinguished if it is not vested prior to the repeal date, January 1, 1994. The right of subrogation vests when payments are made to the insured. Amica Mutual Ins. Co., v. Woods, supra,48 Conn. App. 695. It is undisputed that Middlesex made payments to the Spraggs, and their medical providers, after the repeal of § 38a-369. However, payments made after the repeal can not be vested.
Middlesex argues that it has a vested right of subrogation with respect to payments made after the repeal of the statute. It argues that the right of subrogation vests at the time it commenced paying benefits, and that it commenced paying prior to the repeal of the statute. In its memorandum of law in support of summary judgment, Middlesex cites AmicaMutual Ins. Co., v. Woods, supra, 48 Conn. App. 695, and Amica MutualIns. Co. v. Barton, 1 Conn. App. 569, 572-73, 474 A.2d 104 (1984), arguing that these cases support this proposition. However, neither case indicates that commencement of payments vests the right of subrogation.
The issue of reimbursement of payments made after the repeal of § 38a-369 was addressed in Rychling v. Norgaard, supra, Superior Court, Docket No. 536877. In Rychling, payments were made after the repeal of § 38a-369. Id. The court stated that Amica v. Woods, controlled holding that the plaintiff had no right of subrogation because it had no vested right until payments were made, and the benefits were paid after the repeal. Id.
Accordingly, Middlesex is not entitled to reimbursement of payments made after the repeal of § 38a-369.
IV. Conclusion
CT Page 6686
For the reasons stated above, summary judgment for Middlesex is granted with respect to payments of benefits it made prior to the repeal of General Statutes § 38a-369, less a credit for attorney fees if applicable,[6] and denied with respect to payments made after the repeal. Summary judgment for the Spraggs is granted with respect to payments Middlesex made after the repeal of General Statutes § 38a-369, and denied with respect to payments Middlesex made before the repeal.
It is so ordered.
By the court
 Gordon, Judge